IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**HEATHER TOCHE**                                                                                           **PLAINTIFF**

V.                                                                           CIVIL ACTION NO.   1:18-cv-270-HSO-JCG

**VT HALTER MARINE, INC. EMPLOYEE WELFARE
BENEFIT PLAN [aka VT HALTER MARINE, INC. GROUP
BENEFIT PLAN]; VT HALTER MARINE, INC.; HUB
INTERNATIONAL, INC.; HUB INTERNATIONAL
HEALTHCARE SOLUTIONS, LLC; MCMC, LLC;
AMERICAN HEALTH HOLDING, INC., DOE DEFENDANTS
1-5; [HEREIN "THE PAYOR-DEFENDANTS"];
And
M.D. ANDERSON CANCER CENTER AND THE
GARDENS PHARMACY, LLC [HEREIN "THE
PAYEE-DEFENDANTS"]**                                                                    **DEFENDANTS**

## NOTICE OF REMOVAL

Defendants VT Halter Marine, Inc. Employee Welfare Benefit Plan, VT Halter Marine, Inc., HUB International Healthcare Solutions, LLC; MCMC, LLC; and American Health Holding, Inc. (collectively, "Removing Defendants"), subject to and without waiving any defenses, by and through their attorneys and pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, respectfully give notice of the removal of this action from the Chancery Court of Jackson County, Mississippi, Case No. 17-2072-DNH, to the United States District Court for the Southern District of Mississippi, Southern Division.  As grounds for removal, the Removing Defendants state as follows:

**I.      INTRODUCTION**

1.      On July 17, 2018, Plaintiff Heather Toche filed her Amended and Supplemental Complaint for Accountings, Declaratory and Other Relief (the "Amended Complaint") in the Chancery Court of Jackson County, Mississippi.[1]  (Amended Complaint, Ex. A).

---

[1] Although Plaintiff initially filed her Complaint on December 7, 2017, the Complaint was never served on any party, and Plaintiff was granted leave on April 4, 2018 to file an amended complaint and an additional 120 days to serve process.

2.  On July 19, 2018, Defendants American Health Holding, Inc. ("AHH"), MCMC, LLC and HUB International Healthcare Solutions, LLC, were first served with the Summonses and the Amended Complaint. (Proofs of Service-Summonses, Ex. B).[2]

3.  On July 25, 2018, Defendants VT Halter Marine, Inc. and VT Halter Marine, Inc. Employee Welfare Benefit Plan were first served with Summonses and the Amended Complaint. (Proofs of Service – Summonses, Ex. B).

4.  Under 28 U.S.C. § 1446(b), a "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ." In this case, the Removing Defendants received the Summons and Amended Complaint on July 19, 2018 and July 25, 2018, as set forth above; therefore, the Removing Defendants are timely filing this Notice of Removal.

5.  As set forth further below, the Removing Defendants are removing this action to this Court pursuant to the Court's federal question jurisdiction under 28 U.S.C. § 1331, in connection with claims asserted by Plaintiff, all of which are completely preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001.

II.  **THIS COURT HAS FEDERAL QUESTION JURISDICTION OVER PLAINTIFF'S CLAIMS AGAINST THE REMOVING DEFENDANTS.**

6.  Plaintiff seeks benefits under the VT Halter Marine, Inc. Employee Welfare Benefit Plan ("the Plan"), an employee welfare benefit plan established, sponsored and

---

[2] While the Amended Complaint identifies "Hub International, Inc." as a defendant, no such entity exists. (Affidavit, Ex. C). As such, "Hub International, Inc." is neither properly joined nor served. To the extent that it could be construed otherwise, however, any such Hub affiliate consents to this removal under the signature of counsel for Removing Defendant, Hub International Healthcare Solutions, LLC below. Plaintiff's purported service of process on CSC for the non-existent entity, "Hub International, Inc.", has been rejected by CSC. (Ex. D).

2

maintained by Plaintiff's husband's employer, VT Halter Marine, Inc., pursuant to ERISA. (Amended Complaint, pp. 2-9). Plaintiff challenges benefit determinations under the Plan that proton beam therapy treatment she sought and received was not medically necessary and was investigational in nature. Plaintiff asserts claims under ERISA, § 1132(a)(1)(B), and also seeks imposition of statutory penalties under ERISA. (Amended Complaint, p. 38).

7. Furthermore, Plaintiff asserts various state-law claims against the Removing Defendants[3] for breach of trust and fiduciary duty; breach of contract, equity and law; breach of statutory duties under the Mississippi Code; specific performance; negligence, negligent misrepresentation, negligent interference and other forms of negligence; equitable estoppel and waiver; an accounting; other declaratory relief and restitution; and recovery in equity and state law. (Amended Complaint, pp. 31-38). All of Plaintiff's state-law claims against the Removing Defendants, referred to as the "Payor-Defendants" in the Amended Complaint, arise out of Plaintiff's claims for health benefits under the Plan, including the administration and determination of claims for benefits under the Plan. As such, they are completely preempted by ERISA.

8. This Court has federal question jurisdiction over the Plaintiff's claims against the Removing Defendants. Plaintiff specifically alleges claims for relief under ERISA. Plaintiff also asserts state-law claims, including claims that benefits were improperly denied under Mississippi law, that are completely preempted by ERISA. Because Plaintiff is seeking benefits under an ERISA plan, this matter is removable to this Court pursuant to federal question jurisdiction,

---

[3] The "Removing Defendants" identified herein are the same as the "Payor Defendants" identified by the Plaintiff in the Amended Complaint: VT Halter Marine, Inc. Employee Welfare Benefit Plan, VT Halter Marine, Inc., HUB International Healthcare Solutions, LLC; MCMC, LLC; and American Health Holding, Inc.

3

regardless of the state-law claims asserted in the Amended Complaint. *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004) and *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 66 (1987) (recognizing that complete preemption forms an exception to the "well-pleaded" complaint rule for purposes of removal).

### III. THIS COURT DOES NOT HAVE FEDERAL QUESTION JURISDICTION OR SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S CLAIMS AGAINST THE PAYEE DEFENDANTS.

9. Plaintiff asserts only a blanket claim for "accounting" against the non-Removing Defendants, which Plaintiff describes as the Payee-Defendants: M. D. Anderson Cancer Center and the Gardens Pharmacy, LLC. (Amended Complaint, pp. 29-30). The claim for accounting is the only claim made against the Payee Defendants, neither of which was involved in any benefit determination, or claims or Plan administration, but which were only medical providers. With regard to the Payee Defendants, Plaintiff is merely seeking an accounting of medical bills that were paid and unpaid. With regard to the Removing Defendants, Plaintiff is seeking documentation regarding the claims submitted and paid and not paid, as well as the reasons for denying Plaintiff's claims, and the "premiums" and/or payroll deductions. Plaintiff's claim for an "accounting" against the Removing Defendants is subsumed within her claim for ERISA benefits.

10. This Court does not have federal question jurisdiction or supplemental jurisdiction over the Plaintiff's claims against the Payee Defendants for accounting. Under 28 U.S.C. § 1441(c):

> (1) If a civil action includes— (A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and (B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action

> may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).
>
> (2) Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed. Only defendants against whom a claim described in paragraph (1)(A) has been asserted are required to join in or consent to the removal under paragraph (1).

The Payee Defendants are merely medical providers which played no role in the subject benefit determination and had no involvement with the benefit determinations in issue under the ERISA Plan. Plaintiff's claims against the Payee Defendants are not within the original jurisdiction of this Court under ERISA or the supplemental jurisdiction of the Court under 28 U.S.C. § 1367. The Payee Defendants are therefore not required to join in or consent to the removal. 28 U.S.C. § 1441(c)(2).

11. Accordingly, this Court should retain jurisdiction over the Plaintiff's claims against the Removing Defendants and, pursuant to 28 U.S.C. § 1441(c)(2), sever and remand Plaintiff's claims against the Payee Defendants to the Chancery Court of Jackson County.

### IV.  COMPLIANCE WITH 28 U.S.C. §§ 1441 and 1446

12. All of the Payor Defendants have consented to and join in this removal. Under 28 U.S.C. § 1441(c)(2), because this Court lacks original or supplemental jurisdiction over the claims against the Payee Defendants, only the Removing Defendants are required to consent to this removal.

13. The civil action filed by the Plaintiff in the Chancery Court of Jackson County is therefore one of which the district courts of the United States have original jurisdiction pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331. Accordingly, this action may be removed to this Court and division.

14. Pursuant to 28 U.S.C. § 1446, a copy of all process, pleadings and orders served on the Removing Defendants are attached hereto as Exhibits A and B. A certified copy of the Chancery Court's file has also been requested and will be filed with this Court upon receipt.

15. Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this action will be sent simultaneously to Plaintiff's counsel. A true and correct copy of this Notice of Removal is being filed with the Clerk of the Chancery Court of Jackson County, Mississippi.

WHEREFORE, the Removing Defendants respectfully give notice of the removal of this action to this Court pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, and request that this Court exercise jurisdiction over the Removing Defendants and sever and remand Plaintiff's claims against the Payee Defendants to the Chancery Court of Jackson County, Mississippi.

Dated: August 15, 2018.

Respectfully submitted,

AMERICAN HEALTH HOLDING, INC.

By: _____
Roy H. Liddell (MB # 1252)
Kevin A. Rogers (MB # 101230)
WELLS MARBLE & HURST, PLLC
P. O. Box 131
Jackson, MS 39205-0131
Telephone: (601) 605-6900
Facsimile: (601) 605-6901
rliddell@wellsmarble.com
krogers@wellsmarble.com

VT HALTER MARINE, INC. EMPLOYEE
WELFARE BENEFIT PLAN AND VT
HALTER MARINE, INC.

By: _____
Kelly D. Reese (MS Bar No. 104025)
THE KULLMAN FIRM

6

63 S. Royal Street, Suite 1100
Mobile, AL 36602
Telephone: (251) 378-2217
Facsimile: (251) 433-1230
kr@kullmanlaw.com

**HUB INTERNATIONAL HEALTHCARE SOLUTIONS, LLC**

By:_____
David A. Barfield (MB No. 1994)
PETTIS, BARFIELD & HESTER, P.A.
4450 Old Canton Road, Suite 210
Jackson, MS 39211
Telephone: (601) 987-5300
Facsimile: (601) 987-5353
dbarfield@pbhfirm.com

**MCMC, LLC**

By: /s/ H. Barber Boone
H. Barber Boone (MB No. 102266)
BUTLER SNOW LLP
1020 Highland Colony Parkway, Suite 1400
Ridgeland, MS 39158
Telephone: (601) 985-4479
Facsimile: (601) 985-4500
barber.boone@butlersnow.com

7

63 S. Royal Street, Suite 1100
Mobile, AL 36602
Telephone: (251) 378-2217
Facsimile: (251) 433-1230
kr@kullmanlaw.com

**HUB INTERNATIONAL HEALTHCARE SOLUTIONS, LLC**

By: */s/ David A. Barfield*

David A. Barfield (MB No. 1994)
PETTIS, BARFIELD & HESTER, P.A.
4450 Old Canton Road, Suite 210
Jackson, MS 39211
Telephone: (601) 987-5300
Facsimile: (601) 987-5353
dbarfield@pbhfirm.com

**MCMC, LLC**

By: _____
H. Barber Boone (MB No. 102266)
BUTLER SNOW LLP
1020 Highland Colony Parkway, Suite 1400
Ridgeland, MS 39158
Telephone: (601) 985-4479
Facsimile: (601) 985-4500
barber.boone@butlersnow.com

## CERTIFICATE OF SERVICE

    I hereby certify that on August 15, 2018, I electronically filed the foregoing with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

Matt G. Lyons
910 Washington Ave.
Ocean Springs, MS 39564

**Attorney for Plaintiff**

    I further certify that a true copy of the foregoing has been forwarded to the following, by depositing the same in the United States Postal Service with the postage prepaid:

The Gardens Pharmacy, LLC
c/o Christopher C. Haug, Registered Agent
922 Porter Ave., Suite 109
Ocean Springs, MS 39564

M.D. Anderson Cancer Center
c/o Peter WT Pisters, M.D., President
1515 Holcome Blvd.
Houston, TX 77030

_____
Roy H. Liddell