IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| HEATHER TOCHE | § | PLAINTIFF |
| | § | |
| | § | |
| v. | § | Civil No. 1:18cv270-HSO-JCG |
| | § | |
| | § | |
| VT HALTER MARINE, INC. | § | |
| EMPLOYEE WELFARE BENEFIT | § | |
| PLAN, *et al.* | § | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER GRANTING
PLAINTIFF HEATHER TOCHE'S MOTION [12] TO REMAND
AND DENYING AS MOOT DEFENDANT AMERICAN HEALTH HOLDING,
INC.'S MOTION [38] TO STRIKE AND IN THE ALTERNATIVE MOTION
FOR LEAVE TO FILE A SUR-REBUTTAL**

BEFORE THE COURT are the Motion [12] to Remand filed by Plaintiff Heather Toche and the Motion [38] to Strike and in the Alternative Motion for Leave to File a Sur-rebuttal filed by Defendant American Health Holding, Inc. Plaintiff seeks to remand this matter to state court, while American Health Holding seeks to strike affidavits and exhibits attached to Plaintiff's Rebuttal [37] in support of the Motion to Remand. American Health Holding alternatively requests leave to file a Sur-rebuttal, which it has attached as an Exhibit [38-1] to its Motion [38]. Having considered the Motions, the record, and relevant legal authority, the Court finds that Plaintiff's Motion [12] to Remand should be granted and that American Health Holding's Motion [38] to Strike is moot.

I.  BACKGROUND

A.  Brief factual background

Plaintiff Heather Toche ("Ms. Toche" or "Plaintiff") asserts that she is a beneficiary of the VT Halter Marine, Inc. Employee Welfare Benefit Plan (the "Benefit Plan") sponsored and funded by her husband's employer, VT Halter Marine, Inc., and that she is fully covered by its health, medical, and hospital benefits.  *See* Am. Compl. [5] at 104.[1]  Plaintiff claims that in early December 2014, "Payor-Defendants," which she identifies as the Benefit Plan; VT Halter Marine, Inc.; HUB International, Inc.; HUB International Healthcare Solutions, LLC; MCMC, LLC; and American Health Holding, Inc., misrepresented to her that certain brain cancer treatments at M.D. Anderson Cancer Center in Houston, Texas, were approved, authorized, and promised to be paid by and through them, which induced her to undergo such treatments.  *Id.* at 105-06; *see also id.* at 103 (defining "Payor-Defendants").  According to Plaintiff, she detrimentally relied upon these approvals, authorizations, and promises, and incurred over $100,000.00 in debt for medical bills, for which Defendants then wrongfully and arbitrarily denied payment as "not medically necessary" and "experimental" or "investigational."  *Id.* at 105-06, 112.

Plaintiff alleges that she timely exhausted all administrative remedies, but that Payor-Defendants have wrongfully withheld required copies of certain documents, despite repeated requests for them from 2015 to 2018.  *Id.* at 106-07.

---

[1] The Court will utilize the automatically-generated ECF pagination to cite the state court record [5].

2

Plaintiff also contends that during her appeals of the initial, December 22, 2014, denial letter and subsequent denials, Payor-Defendants utilized unqualified "claims review agents." *Id.* at 108-09. According to Plaintiff, the one medical doctor referenced in the denial letters was a biased, unqualified "hired gun" for Payor-Defendants who wrongfully attempted to justify the Payor-Defendants' denials. *Id.* at 109-10. Payor-Defendants issued a "final claim denial/right to sue letter" in 2015. *Id.* at 125.

B. <u>Procedural history</u>

On December 7, 2017, Plaintiff filed a Complaint for Accounting, Declaratory Relief, and Other Relief in the Chancery Court of Jackson County, Mississippi, against the Benefit Plan; VT Halter Marine, Inc.; HUB International, Inc.; MCMC, LLC; American Health Holding, Inc.; and Doe Defendants 1-10. Compl. [5] at 6. On April 2, 2018, Plaintiff filed a Motion for Leave to File a First Amended and Supplemental Complaint and for 120 Days Additional Time to File and Serve a First Amended and Supplemental Complaint. Mot. [5] at 98. The Chancery Court granted the Motion, *see* Order [5] at 102, and Plaintiff filed her Amended and Supplemental Complaint (the "Amended Complaint") on July 12, 2018, *see* Am. Compl. [5] at 103.

The Amended Complaint names as Defendants the Benefit Plan; VT Halter Marine, Inc.; HUB International, Inc.; HUB International Healthcare Solutions, LLC; MCMC, LLC; and American Health Holding, Inc. (the "Payor-Defendants"), as well as M.D. Anderson Cancer Center and The Gardens Pharmacy, LLC (the

"Payee-Defendants"). *Id.* Plaintiff advances claims against Payor-Defendants for breaches of trust, contract, equity, and fiduciary and legal duties, and seeks declaratory relief regarding the duties owed to her. *Id.* at 133-34, 141-43. Plaintiff also seeks specific performance from Payor-Defendants on their purported promises. *Id.* at 136. The Amended Complaint also contains claims against Payor-Defendants for negligence, negligent misrepresentations, gross negligence, negligent interference, tortious interference, detrimental reliance, equitable estoppel, and waiver. *Id.* at 136-138, 144-45. Plaintiff alternatively asserts claims against Payor-Defendants under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* ("ERISA"), if "ERISA actually applies." *Id.* at 140 (citing 29 U.S.C. § 1132(a)(1)(B)). Finally, Plaintiff seeks an accounting from Payor- and Payee-Defendants. *Id.* at 131-32, 143, 147.

The state court record reflects that: (1) Defendant The Gardens Pharmacy, LLC, was served with process on July 16, 2018, *see* Proofs of Service [5-1] at 78; (2) Defendants American Health Holding, Inc.; MCMC, LLC; HUB International, Inc.; and HUB International Healthcare Solutions, LLC were all served on July 19, 2018, *see id.* at 80, 82, 84, 86, 95, 100, 113-14; and (3) Defendants VT Halter Marine, Inc.; the Benefit Plan; and M.D. Anderson Cancer Center were served on July 25, 2018, *id.* at 95, 100; 113-14.

On August 15, 2018, Defendants the Benefit Plan; VT Halter Marine, Inc.; HUB International Healthcare Solutions, LLC; MCMC, LLC; and American Health Holding, Inc. (collectively, the "Removing Defendants") removed the case to this

Court, invoking federal question jurisdiction under 28 U.S.C. § 1331 based upon Plaintiff's ERISA claims.  *See* Notice of Removal [1] at 1-3.  Removing Defendants maintain that all of Plaintiff's state law claims against the Payor-Defendants are completely preempted by ERISA.  *Id.* at 3.  According to the Removing Defendants, although the Court lacks original federal question or supplemental jurisdiction over Plaintiff's claims against the so-called "Payee-Defendants," M.D. Anderson Cancer Center and The Gardens Pharmacy, LLC, 28 U.S.C. § 1441(c) permits removal and severance of those claims.  *Id.* at 4-5.  Defendants M.D. Anderson Cancer Center and The Gardens Pharmacy, LLC have not filed a formal joinder in, or notice of consent to, the removal.[2]

On September 14, 2018, Plaintiff filed a Motion [12] to Remand to state court, asserting that the Court lacks subject-matter jurisdiction and raising purported procedural defects in the removal.  Plaintiff claims that Removing Defendants filed three different Notices of Removal, that they failed to timely file the entire state court record, and that they failed to timely file the joinders or consents of all served Defendants, namely M.D. Anderson Cancer Center, The Gardens Pharmacy, LLC, and HUB International, Limited, which Plaintiff represents was misnamed as HUB International, Inc., in the pleadings.  *See* Pl.'s Mem. [13] at 2.

Removing Defendants filed a Response [32], and Plaintiff filed a Rebuttal [37], with supporting evidence.  Defendant American Health Holding, Inc., then

---

[2] Removing Defendants have submitted the Affidavit [1-3] of the Executive Vice President of HUB International Healthcare Solutions, LLC, who avers that HUB International, Inc. is a non-existent entity, *see* Aff. of Larry Vance [1-3] at 1, and a Rejection of Service of Process [1-4] pertaining to HUB International, Inc., *see* Rejection [1-4] at 1.

filed a Motion [38] to Strike and in the Alternative Motion for Leave to File a Sur-rebuttal, in which the other Removing Defendants have joined [39], [40], [41]. Removing Defendants ask the Court to strike the affidavits and exhibits attached for the first time to Plaintiff's Rebuttal [37], or alternatively, to grant them leave to file a sur-rebuttal to address these documents. *See* Mot. [38] at 4. Plaintiff opposes [48] the Motion [38] to Strike and asserts that she had previously filed these documents in the state court. Pl.'s Resp. [48] at 1.

## II.  DISCUSSION

### A.  Motion [38] to Strike

Having reviewed the items Removing Defendants are seeking to strike, the Court is of the opinion that these documents have no impact on the Court's resolution of the Motion [12] to Remand. The result here would be the same whether or not the Court considers these affidavits and other exhibits. The Motion [38] to Strike will therefore be denied as moot.

### B.  Motion [12] to Remand

#### 1.  Relevant legal authority

##### a.  Federal subject-matter jurisdiction

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under the well-pleaded complaint rule, the determination of whether a case arises under federal law for purposes of § 1331 must be made based upon what appears in a plaintiff's own statement of his claim, not the anticipation of any defense the

defendant might interpose. *Renegade Swish, L.L.C. v. Wright*, 857 F.3d 692, 696 (5th Cir. 2017).

The complete preemption doctrine is an exception to the well-pleaded complaint rule. *See, e.g., Ezell v. Kansas City S. Ry. Co.*, 866 F.3d 294, 297 (5th Cir. 2017). With respect to ERISA claims like the one asserted by Plaintiff under 29 U.S.C. § 1132(a)(1)(B), *see* Am. Compl. [5] at 140, the United States Court of Appeals for the Fifth Circuit has held that

> ERISA is one of the rare examples of a federal statute that does not just preempt state law claims involving a plan in the sense that it provides the governing law. It also "completely preempts" any otherwise applicable state law, meaning the claim is treated as a federal one that provides federal jurisdiction in an exception to the well-pleaded complaint rule,

*Gomez v. Ericsson, Inc.*, 828 F.3d 367, 370-71 (5th Cir. 2016).

b.  <u>Supplemental jurisdiction</u>

Under 28 U.S.C. § 1367(a),

> in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a). "The question under section 1367(a) is whether the supplemental claims are so related to the original claims that they derive from a common nucleus of operative fact." *D'Onofrio v. Vacation Publications, Inc.*, 888 F.3d 197, 206 (5th Cir. 2018) (quotation omitted).

      c.      <u>Removal under 28 U.S.C. § 1441</u>

28 U.S.C. § 1441(a) provides for the removal of civil actions brought in a state court of which the district courts have original jurisdiction. "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A).

28 U.S.C. § 1441(c) provides that,

> (1) If a civil action includes--
>     (A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and
>     (B) a claim *not within the original or supplemental jurisdiction of the district court* or a claim that has been made nonremovable by statute,
> the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B).
> (2) Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed. *Only defendants against whom a claim described in paragraph (1)(A) has been asserted are required to join in or consent to the removal under paragraph (1).*

28 U.S.C. § 1441(c) (emphasis added).

      d.      <u>Procedural defects in removal</u>

"A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal . . . ." 28 U.S.C. § 1447(c). In this case, Plaintiff filed his Motion to Remand within 30 days of removal, so the Court may consider procedural defects. *See id.*

By timely filing a motion to remand, a plaintiff is deemed to have "explicitly refused to 'acquiesce' to the choice of forum." *Schexnayder v. Entergy Louisiana, Inc.*, 394 F.3d 280, 285 (5th Cir. 2004). In such a situation, a court may properly address any procedural defects in the removal, even if not raised in the motion to remand, without "usurp[ing] its congressionally mandated role . . . ." *Id.*; *see also BEPCO, L.P. v. Santa Fe Minerals, Inc.*, 675 F.3d 466, 471 (5th Cir. 2012) (holding that *Schexnayder* and § 1447(c)'s text make clear that what matters is the timing of a motion to remand; if the motion is timely filed within 30 days of removal, the district court may remand based on any removal defect under § 1447(c)). "[A]ny doubt about the propriety of removal must be resolved in favor of remand." *Grand View PV Solar Two, LLC v. Helix Elec., Inc./Helix Elec. of Nevada, L.L.C., J.V.*, 847 F.3d 255, 258 (5th Cir. 2017).

2. Analysis

Plaintiff argues that one procedural defect in the removal is that Defendants failed to satisfy the unanimity requirement that all Defendants join in the removal, as required by 28 U.S.C. § 1446(b)(2)(A). *See* Pl.'s Mem. [13] at 2, 7-13. The Notice of Removal [1] indicates that Removing Defendants relied upon 28 U.S.C. § 1441(c)(2) and makes the conclusory assertion that, "because this Court lacks original or supplemental jurisdiction over the claims against Payee Defendants, only the Removing Defendants are required to consent to this removal." Notice [1] at 5. It is undisputed that Payee-Defendants did not join in the removal.

9

Based upon a plain reading of the relevant statutes, it appears that the question of whether all Defendants were required to join in the removal turns upon whether this case could be removed under 28 U.S.C. § 1441(c)(1). If removal was proper under § 1441(c)(1), only those Defendants against whom a claim arising under federal law was asserted were required to join in or consent to the removal. *See* 28 U.S.C. § 1441(c)(2). If § 1441(c) did not apply, removal was necessarily made pursuant to § 1441(a), and consent of all served Defendants was necessary in order for removal to meet the procedural requirements of § 1446(b)(2)(A).

By its plain terms, for removal to be appropriate under § 1441(c)(1), a civil action must include

> (A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and
> (B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute . . . .

28 U.S.C. § 1441(c)(1).

Removing Defendants argue that under subparagraph (A), ERISA preempts Plaintiff's state law claims against them, such that Plaintiff's claims against them were removable. With respect to the requirements of subparagraph (B), Removing Defendants offer only a conclusory allegation in the Notice of Removal [1] that the Court lacks original or supplemental jurisdiction over the claims against Payee-Defendants. *See* Notice [1] at 5.

Removing Defendants take the position that Plaintiff's claims against the Payee-Defendants for an accounting do not arise under federal law, nor do they

10

"arise out of the same transactions or occurrences as the federal claims against the Removing Defendants."  Defs.' Mem. [33] at 3.  The Payee-Defendants in this case are "healthcare providers and not entities that even can be sued under ERISA's list of enumerated parties," *id.*, and Plaintiff's claims against the Payee-Defendants are "wholly divorced" from the handling and administration of the claims at issue, *id.* at 19.  Removing Defendants contend that other district courts have found that "consent is not required where, as here, state law claims are asserted against non-consenting defendants and ERISA claims are asserted against removing defendants."  *Id.* at 3 (citing *Naviaux v. Unitech Training Acad., Inc.*, No. 13-2291, 2013 WL 6187728, *2 (W.D. La. Nov. 25, 2013)).  According to Removing Defendants, it is "questionable" whether the accounting cause of action against the Payee-Defendants is viable as pled.  *Id.* at 19.

      The Court is not persuaded by Removing Defendants' argument that, simply because Plaintiff cannot assert an ERISA claim against Payee-Defendants, the Court cannot possibly have supplemental jurisdiction over Plaintiff's state law claims against those Defendants for an accounting.  Nor have Removing Defendants cited any binding authority to support such a position.

      Removing Defendants rely upon language that pertains to "separate and independent" claims.  *See* Defs' Mem. [33] at 16, 18-19.  It appears that this language is drawn from an earlier version of 28 U.S.C. § 1441(c), which was amended in 2011.  Prior to 2011, § 1441(c) read as follows:

> Whenever a *separate and independent* claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one

>or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

28 U.S.C. § 1441(c) (2010) (emphasis added).  While this provision did not specifically address the issue of unanimity, *see id.*, in a case interpreting this earlier version of the statute the United States Court of Appeals for the Fifth Circuit held that "[a]lthough failure of all defendants to join is usually a bar to removal, if one defendant's removal petition is premised on removable claims 'separate and independent' from the claims brought against other defendants, consent of the other defendants is not required," *Henry v. Indep. Am. Sav. Ass'n*, 857 F.2d 995, 999 (5th Cir. 1988) (footnotes and citations omitted).  As noted, however, § 1441(c) was later amended to its current form in 2011.  *See* 28 U.S.C. § 1441(c) (2011); *see also* FEDERAL COURTS JURISDICTION AND VENUE CLARIFICATION ACT OF 2011, PL 112-63, December 7, 2011, 125 Stat 758.  Thus, Removing Defendants appear to rely on authority that pre-dates the current version of § 1441(c).

Removing Defendants have not cited any binding, post-amendment authority addressing the current statutory language.  Under the current language, the pertinent question appears to be whether Plaintiff's claims against the Payee-Defendants, who did not consent to the removal, fall within the supplemental jurisdiction of the Court such that their consent to removal was required.  *See* 28 U.S.C. § 1441(c)(2); 28 U.S.C. § 1446(b)(2)(A).[3]

---

[3] At least one other district court in this Circuit has found that the plain language of § 1441(c)(2) means that the "exception to consent only applies to claims that are not within the court's original or supplemental jurisdiction."  *Experience Infusion Centers, LLC v.*

12

Plaintiff's claims against both the Payor- and Payee-Defendants arise out of charges she incurred for medical treatment, purportedly after receiving initial approvals for the treatment, and relate to the denial of her insurance claims for those charges.  Removing Defendants have not sufficiently explained how this Court could not have supplemental jurisdiction over Plaintiff's claims against the Payee-Defendants, namely whether these claims derive from a common nucleus of operative fact as those against Payor-Defendants that are within the original jurisdiction of the Court.  *See* 28 U.S.C. § 1367(a); *D'Onofrio*, 888 F.3d at 206.  Without sufficiently addressing this initial question, Removing Defendants have not carried their burden of demonstrating that § 1441(c) applies.  If it does not, the record is clear that a procedural defect in removal exists since not all served Defendants consented to the removal.  *See* 28 U.S.C. § 1446(b)(2)(A).  Because any doubts about the propriety of removal must be resolved in favor of remand, and because Removing Defendants have not carried their burden of showing that removal was procedurally proper under 28 U.S.C. § 1441(c), the Court will grant Plaintiff's Motion to Remand.

---

*Lusby*, No. CV H-17-1168, 2017 WL 3235667, at *3 (S.D. Tex. July 31, 2017) (collecting cases).  That court held that, when a district court has supplemental jurisdiction over a plaintiff's claims against a defendant, that defendant's consent to removal is required, and without it, the removal is procedurally defective.  *See id.*  In *Experience Infusion Centers*, the plaintiff asserted claims against insurance defendants that arose under ERISA and state law claims against the Lusbys for breach of contract and *quantum meruit* related to non-payment of medical bills.  At issue was whether the Lusbys' consent to removal was required.  *Id.* at *2.  The insurance defendants relied upon § 1441(c)(2).  The district court determined that it had supplemental jurisdiction over the state law claims against the Lusbys, such that § 1441(c)(2)'s exception to the rule of unanimity was inapplicable, and the Lusbys' consent to removal was required.  *Id.* at *3.  The district court remanded the case to state court in light of this procedural defect in the removal.  *Id.* at *4.

13

III.  CONCLUSION

To the extent the Court has not addressed any of the parties' arguments, it has considered them and determined that they would not alter the result. Because Defendants have not carried their burden of demonstrating that removal was procedurally proper, Plaintiff's Motion to Remand will be granted, and this matter will be remanded to state court. American Health Holding's Motion to Strike is moot.

**IT IS, THEREFORE, ORDERED AND ADJUDGED**, that Plaintiff Heather Toche's Motion [12] to Remand is **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED**, that Defendant American Health Holding, Inc.'s Motion [38] to Strike and in the Alternative Motion for Leave to File a Sur-rebuttal is **DENIED AS MOOT**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, the above-captioned cause is hereby remanded to the Chancery Court of Jackson County, Mississippi, and that a certified copy of this Order of remand shall be immediately mailed by the Clerk to the clerk of the state court pursuant to 28 U.S.C. § 1447(c).

**SO ORDERED AND ADJUDGED**, this the 20th day of December, 2018.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE